UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY TOYS HOLDINGS, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>CHILDREN 777 STORE, CHILDREN AND BABY HOUSE STORE, DISNEYTOYS STORE, DOBBLE SPOT IT STORE, DONGYANG CHENCHEN JEWELRY FACTORY, FOREIGNERS STORE, FRANCIS 001 STORE, FUNNY TOY9 STORE, GIFT FOR CHILDREN STORE, GUANGDONG SANSAN SUPPLY CHAIN CO., LTD., GUANGDONG WINWIN TECHNOLOGY CO., LTD., GUANGZHOU CHUMU BIOLOGICAL TECHNOLOGY CO., LTD., GUANGZHOU HAPPY ISLAND TOYS CO., LTD., GUANGZHOU LINK BRAND TEXTILE CO., LTD., GYX LBL 2 STORE, GYX LBL STORE, HANGZHOU TONGHE TOYS CO., LTD., HEBEI YERONG TRADING COMPANY LTD., HENAN SENFA TRADING CO., LTD., HUNAN GUICHUANG TRADE CO., LTD., JINAN DEFANG DECORATIVE CO.,LTD., JINHUA HAIRONG IMPORT AND EXPORT CO., LTD., LITTLE HAPPINESS STORE STORE, LITTLE MONKEY TOY STORE, MOBOKONO STORE, NINGBO WATERDROP PAPER CRAFT CO., LTD., PARENT CHILD HAPPINESS FACTORY STORE, SAKANA STORE, SHANGHAI JINWANG LUGGAGE TRAVEL PRODUCTS CO., LTD., SHENZHEN ANJIYOUPIN CO., LTD., SHENZHEN XINGMAN INDUSTRY CO., LTD., SHOP911576140 STORE, SHOP912624392 STORE, WARDROBE NO. 6 STORE, XEPM STORE, XINXIANG PURUIGE IMPORT AND EXPORT TRADING CO., LTD., XINXIANG QUCHUANG TOYS CO., LTD., YANGZHOU CHAOMAN CULTURAL MEDIA CO., LTD., YANGZHOU EVERGROW TOYS MANUFACTURE CO., LTD., YANGZHOU HOME KA CRAFTS LTD., YANGZHOU LSD ELECTRONICS CO., LTD., YANGZHOU ROUND TOY CO., LTD., YANGZHOU TONG CAIYAN INTERNATIONAL TRADE CO., LTD., YANGZHOU U-TRON IMPORT & EXPORT CO., LTD., YANGZHOU XIANGRUI CRAFT GIFT CO., LTD., YANGZHOU YIZHAI HOME FURNISHING CO., LTD., | CIVIL ACTION No.<br>22-cv-1857 (ALC)<br><br>FINAL DEFAULT<br>JUDGMENT AND<br>PERMANENT<br>INJUNCTION ORDER |

i

YIWU JINBIAO TEXTILE CO., LTD., YIWU MIAOJIA TECHNOLOGY CO., LTD., YIWU TAOKE TRADE CO., LTD., YIWU YANRUI ARTS& CRAFTS CO., LTD., YIWU YOUYI IMPORT AND EXPORT CO., LTD., YIWU ZIHAN IMPORT AND EXPORT CO., LTD., ZHAOQING ZHUOXING SILICONE PRODUCT CO., LTD. and ZHONGSHAN YIXUAN CRAFT & GIFT CO., LTD.,
*Defendants*.

**GLOSSARY**

| **Term** | **Definition** | **Docket Entry Number** |
|---|---|---|
| **Plaintiff or Kelly Toys** | Kelly Toys Holdings, LLC | N/A |
| **Defendants** | Children 777 Store, Children and Baby House Store, DisneyToys Store, Dobble Spot It Store, Dongyang Chenchen Jewelry Factory, Foreigners Store, Francis 001 Store, Funny Toy9 Store, Gift For Children Store, Guangdong Sansan Supply Chain Co., Ltd., Guangdong Winwin Technology Co., Ltd., Guangzhou Chumu Biological Technology Co., Ltd., Guangzhou Happy Island Toys Co., Ltd., Guangzhou Link Brand Textile Co., Ltd., GYX LBL 2 Store, GYX LBL Store, Hangzhou Tonghe Toys Co., Ltd., Hebei Yerong Trading Company Ltd., Henan Senfa Trading Co., Ltd., Hunan Guichuang Trade Co., Ltd., Jinan Defang Decorative Co.,ltd., Jinhua Hairong Import And Export Co., Ltd., Little happiness store Store, Little Monkey Toy Store, mobokono Store, Ningbo Waterdrop Paper Craft Co., Ltd., Parent child Happiness Factory Store, Sakana Store, Shanghai Jinwang Luggage Travel Products Co., Ltd., Shenzhen Anjiyoupin Co., Ltd., Shenzhen Xingman Industry Co., Ltd., Shop911576140 Store, Shop912624392 Store, Wardrobe No. 6 Store, xepm Store, Xinxiang Puruige Import And Export Trading Co., Ltd., Xinxiang Quchuang Toys Co., Ltd., Yangzhou Chaoman Cultural Media Co., Ltd., Yangzhou Evergrow Toys Manufacture Co., Ltd., Yangzhou Home Ka Crafts Ltd., Yangzhou Lsd Electronics Co., Ltd., Yangzhou Round Toy Co., Ltd., Yangzhou Tong Caiyan International Trade Co., Ltd., Yangzhou U-Tron Import & Export Co., Ltd., Yangzhou Xiangrui Craft Gift Co., Ltd., Yangzhou Yizhai Home Furnishing Co., Ltd., Yiwu Jinbiao Textile Co., Ltd., Yiwu Miaojia Technology Co., Ltd., Yiwu Taoke Trade Co., Ltd., Yiwu Yanrui Arts& Crafts Co., Ltd., Yiwu Youyi Import And Export Co., Ltd., Yiwu Zihan Import And Export Co., Ltd., Zhaoqing Zhuoxing Silicone Product Co., Ltd. and Zhongshan Yixuan Craft & Gift Co., Ltd. | N/A |
| **Defaulting Defendants** | Children and Baby House Store, DisneyToys Store, Dobble Spot It Store, Foreigners Store, Guangdong Sansan Supply Chain Co., Ltd., Guangdong Winwin Technology Co., Ltd., Guangzhou Happy Island Toys Co., Ltd., Guangzhou Link Brand Textile Co., Ltd., Hangzhou Tonghe Toys Co., Ltd., Hebei Yerong Trading Company Ltd., Henan Senfa Trading Co., Ltd., Hunan Guichuang Trade Co., Ltd., Jinan Defang Decorative Co.,ltd., Jinhua Hairong Import And Export Co., Ltd., Ningbo Waterdrop Paper Craft Co., Ltd., Shanghai Jinwang Luggage Travel Products Co., Ltd., | N/A |

|  | Shenzhen Anjiyoupin Co., Ltd., Shenzhen Xingman Industry Co., Ltd., Wardrobe No. 6 Store, Xinxiang Puruige Import And Export Trading Co., Ltd., Xinxiang Quchuang Toys Co., Ltd., Yangzhou Chaoman Cultural Media Co., Ltd., Yangzhou Evergrow Toys Manufacture Co., Ltd., Yangzhou Home Ka Crafts Ltd., Yangzhou Lsd Electronics Co., Ltd., Yangzhou Round Toy Co., Ltd., Yangzhou Tong Caiyan International Trade Co., Ltd., Yangzhou U-Tron Import & Export Co., Ltd., Yangzhou Xiangrui Craft Gift Co., Ltd., Yangzhou Yizhai Home Furnishing Co., Ltd., Yiwu Jinbiao Textile Co., Ltd., Yiwu Miaojia Technology Co., Ltd., Yiwu Yanrui Arts& Crafts Co., Ltd., Yiwu Youyi Import And Export Co., Ltd., Yiwu Zihan Import And Export Co., Ltd., Zhaoqing Zhuoxing Silicone Product Co., Ltd. and Zhongshan Yixuan Craft & Gift Co., Ltd. |  |
|---|---|---|
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on March 3, 2022 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on March 4, 2022 | Dkt. 10 |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 | N/A |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on March 4, 2022 | N/A |
| **Kelly Dec.** | Declaration of Jonathan Kelly in Support of Plaintiff's Application | Dkt. 14 |
| **Futterman Dec.** | Declaration of Danielle S. Futterman in Support of Plaintiff's Application | Dkt. 15 |
| **Squishmallows Products** | A line of loveable buddies made with a super soft, marshmallow-like texture that come in a variety of sizes from 3.5-inch clip-ons | N/A |

| | | |
|---|---|---|
| | to extra-large 24 inch plush toys, and have expanded to other styles including Hug Mees, Stackables, Mystery Squad and Flip-A-Mallows. | |
| **Squishmallows Application** | U.S. Trademark Serial Application No.: 90/676,140 for "ORIGINAL SQUISHMALLOWS," for goods in Class 28 | N/A |
| **Squishmallows Registrations** | U.S. Trademark Registration Nos.: 5,454,574 for "SQUISHMALLOW" for goods in Class 28; 6,137,521 for "FLIP A MALLOWS" for goods in Class 28; 5,962,289 for "MYSTERY SQUAD" for goods in Class 28; 2,029,047 for "KELLYTOY" for goods in Class 28; and 6,654,108 for "SQUISHMALLOWS HUG MEES" for goods in Class 28 | N/A |
| **Squishmallows Marks** | The marks covered by the Squishmallows Registrations and Squishmallows Application | N/A |
| **Squishmallows Works** | The works covered by the U.S. copyright registrations listed in Exhibit C to the Complaint | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Squishmallows Marks and/or Squishmallows Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Squishmallows Marks and/or Squishmallows Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Squishmallows Marks and/or Squishmallows Works and/or products that are identical or confusingly or substantially similar to the Squishmallows Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant | N/A |

| | | |
|---|---|---|
| | Storefront(s) (whether said accounts are located in the U.S. or abroad) | |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction Should Not Issue Against Defaulting Defendants filed on December 15, 2023 | TBD |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Squishmallows Marks and/or Squishmallows Works, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendants in the Complaint;

### II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Fifty Thousand U.S. Dollars ($50,000.00) in statutory

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

damages ("Individual Damages Award") against each of thirty-seven (37) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.

### III.     **Permanent Injunction**

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing one or more of the Squishmallows Marks and/or Squishmallows Works and/or marks and/or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Squishmallows Marks and/or Squishmallows Works;

   B. directly or indirectly infringing in any manner any of Plaintiff's Squishmallows Marks and/or Squishmallows Works;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Squishmallows Marks and/or Squishmallows Works to identify any goods or services not authorized by Plaintiff;

   D. using Plaintiff's Squishmallows Marks and/or Squishmallows Works, or any other marks and/or artwork that are confusingly or substantially similar to the Squishmallows Marks and/or Squishmallows Works on or in connection with the manufacturing,

importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defaulting Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all

packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Squishmallows Marks and/or Squishmallows Works, or bear any marks and/or artwork that are confusingly or substantially similar to the Squishmallows Marks and/or Squishmallows Works pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts until further ordered by this Court;

   B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, or any other records or evidence relating to the Defendants' Assets and Defendants' Financial Accounts;

   C. knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(B) above through III(4)(A) below.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

   A. providing services to Defaulting Defendants and Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

B. knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(B) above through III(4)(A) above.

### IV.     Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### V.     Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 30th day of January, 2024.

_____
HON. ANDREW L. CARTER JR.
UNITED STATES DISTRICT JUDGE

5